# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| WAYNE SEPT, <br><br> Plaintiff <br><br> v. <br><br> COMPASS GROUP USA, INC. <br><br> Defendant | CIVIL ACTION NO: <br><br> JURY TRIAL DEMANDED |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, Wayne Sept, ("Plaintiff") by and through undersigned counsel and hereby files suit against Defendant, Compass USA, Inc. ("Defendant" or "Compass"), showing the Court as follows:

## INTRODUCTION

1.  This is an action for disability and age discrimination and retaliation under the Americans with Disabilities Act, 42 U.S.C. § 12101 *et seq.* (the "ADA") and the Age Discrimination in Employment Act, 29 U.S.C. § 621, *et seq.* (the "ADEA")

## PARTIES

2.      Plaintiff is a United States citizen and a resident of the state of Georgia.

3.      Plaintiff is over the age of forty (40).

4.      Plaintiff has a disability

5.      Defendant is a foreign corporation authorized to do business in the state of

Georgia, with its principal place of business in North Carolina.

## JURISDICTION AND VENUE

6.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over

Counts I and II of this Complaint, which arise from the Age Discrimination in

Employment Act ("ADEA").

7.      This Court has federal question jurisdiction pursuant to 28 U.S.C. § 1331 over

Counts III and IV of this Complaint, which arise from the Americans with

Disabilities Act ("ADA")

8.      Venue is proper in this Court because the employment practices described

herein occurred within the Atlanta Division of the Northern District of

Georgia.

9.      Defendant may be served with process by delivering a copy of the summons

        and complaint to its registered agent, Corporation Service Company, at 2 Sun

        Court, Suite 400, Peachtree Corners, GA 30092.

## STATEMENT OF FACTS

10.     Plaintiff worked for Defendant as a manager since December 20, 2021.

11.     At all times relevant, Plaintiff was over the age of forty (40).

12.     At all times relevant, Plaintiff suffered from adjustment disorder with anxiety.

13.     Plaintiff's condition affects the major life activities of sleeping, concentrating,

        and thinking.

14.     Plaintiff's condition affects the major bodily functions of the neurological

        system and brain.

15.     Joseph Cheely ("Cheely"), Plaintiff's manager, regularly singled Plaintiff out

        because of his age.

16.     Cheely asked Plaintiff if he was still able to run, implying that Plaintiff was

        likely too old to do so.

17.     Cheely refused to train Plaintiff on the computer programs needed to do his

        job.

18.     Plaintiff was able to perform the essential functions, other than lacking the

        training on Defendant's specific computer programs.

19.   Cheely told Plaintiff he should know how to use the computer programs needed for the job "as long as [Plaintiff] had been around."

20.   On or about July 14, 2022, Plaintiff complained to human resources about Cheely's discriminatory conduct.

21.   Specifically, Plaintiff complained Cheely was singling him out due to his age.

22.   As a result of his complaints, Defendant performed an investigation and put Plaintiff on administrative paid leave until July 15, 2022.

23.   Plaintiff was not permitted to return to work on July 16, 2022.

24.   The investigation continued and Defendant told Plaintiff he could likely return to work on July 26, 2022.

25.   Plaintiff's mental health suffered from his experiences with Defendant.

26.   Plaintiff sought medical help during his leave.

27.   Plaintiff was diagnosed with an acute stress reaction that worsened his adjustment disorder with anxiety.

28.   Defendant removed Plaintiff from paid administrative leave on or about July 29, 2022.

29.   Plaintiff's doctor recommended Plaintiff take four (4) additional days of leave.

30.   Defendant told Plaintiff to contact the Compass leave department regarding his four (4) day leave request.

31.   Plaintiff contacted the leave department, and the request was considered on or about July 19, 2022, before he was scheduled to return to work.

32.   Other than being told he needed to submit medical documentation of the necessity for his leave by August 22, 2022, Plaintiff did not receive notice of the leave department's decision.

33.   Instead, Plaintiff was placed on unpaid leave for a time beyond the four (4) days he requested.

34.   Plaintiff was willing and able to return to work on August 1, 2022, but Defendant did not allow Plaintiff to return.

35.   As of August 1, 2022, Plaintiff was effectively terminated or constructively discharged.

36.   Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on August 11, 2022.

37.   The EEOC issued a Notice of Right to Sue on or about December 6, 2022.

## Count I: ADEA Discrimination

38.   Plaintiff reasserts and incorporates Paragraphs 1 through 36 of this

Complaint as if fully set forth herein.

39.   At all times relevant, Plaintiff has been over the age of forty (40).

40.   Defendant hired Plaintiff on or about December 2021.

41.   Cheely withheld necessary training from Plaintiff for the purpose of

interfering with Plaintiff's ability to do his job.

42.   Cheely's stated reason for withholding training was Plaintiff's age.

43.   Defendant terminated or constructively discharged Plaintiff's employment

on or about August 1, 2022

44.   Plaintiff was willing and able to return to work August 1, 2022, following a

four (4) day medical leave he appropriately requested; however, Defendant

placed Plaintiff on unpaid leave with no return date.

45.   When Defendant terminated him, Plaintiff was over forty (40) years of age.

46.   Defendant's actions in terminating Plaintiff's employment while retaining

employees under the age of forty (40) violated the ADEA.

47.   Because Defendant violated the ADEA, Plaintiff has been damaged,

suffering loss of pay and benefits, along with severe emotional distress.

## Count II: ADEA Retaliation

48.   Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set forth herein.

49.   Plaintiff is a person over the age of forty (40) and was qualified for his position and able to perform the job's essential functions.

50.   On July 14, 2022, Plaintiff engaged in protected activity when he reported discrimination based on his age.

51.   On or about August 2022, Plaintiff was terminated or constructively discharged.

52.   But for Plaintiff's protected activity, Defendant would have retained Plaintiff in his position as a manager.

53.   Defendant violated the ADEA by terminating Plaintiff for engaging in protected activity.

54.   Because Defendant violated the ADEA, Plaintiff has been damaged suffering loss of pay, benefits, and mental anguish.

## Count III: ADA Discrimination (Termination)

55.   Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set forth herein.

56.   Plaintiff has a mental impairment, which limited one or more major life activities.

57.   Plaintiff's mental impairment is a "disability" within the meaning of the ADA, as amended.

58.   Defendant was aware of Plaintiff's disability.

59.   At all times relevant, Plaintiff was a qualified individual with a known or perceived disability as defined by the ADA.

60.   Defendant terminated Plaintiff's employment because of his disability and requests for medical leave for the same and/or perceived disability.

61.   Defendant terminated Plaintiff's employment shortly after Plaintiff requested and used his medical leave as a result of his mental impairment.

62.   By terminating Plaintiff's employment because of his disability and/or because of his request for medical leave, Defendant violated the ADA, as amended.

63.   Defendant willfully and wantonly disregarded Plaintiff's rights and Defendant's discrimination against Plaintiff was undertaken in bad faith.

64.   The effect of the conduct complained of herein has been to deprive Plaintiff of equal employment opportunity and has otherwise adversely affected his status as an employee because of his disability.

65.   As a direct and proximate result of Defendant's ADA violation, Plaintiff has been made the victim of acts that adversely affected his psychological and physical well being

66.   As a result of Defendant's discriminatory actions against Plaintiff, he has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

## Count IV: ADA Retaliation

67.   Plaintiff incorporates by reference and realleges each of the preceding paragraphs as if set forth herein.

68.   At all times relevant, Plaintiff was a qualified individual with a disability.

69.   Plaintiff was qualified for the manager position and able to perform the essential functions of the job.

70.   Plaintiff was subjected to discrimination by his supervisor, Cheely.

71.   Plaintiff engaged in protected activity under the ADA when he requested a reasonable accommodation of four days' leave.

72. Plaintiff suffered the adverse action of constructive termination when he was not allowed to return to work.

73. Defendant's intent to terminate Plaintiff is demonstrated by Defendant telling Plaintiff not to return to work in August 2022.

74. Retaliatory intent is also inferred from the close temporal proximity between Plaintiff requesting an accommodation and being effectively discharged.

75. 66.   As a result of Defendant's retaliatory actions against Plaintiff, he has suffered lost compensation and benefits, emotional distress, inconvenience, humiliation, and other indignities.

## **Prayer for Relief**

WHEREFORE, Plaintiff respectfully prays for relief as follows:

A.   Trial by jury;

B.   For a finding that Defendant violated Plaintiff's rights as set forth herein;

C.   For a judgment in Plaintiff's favor for reinstatement or front pay, full back pay plus interest, compensatory damages for loss of reputation and emotional distress, punitive damages, attorney fees, and litigation costs; and

D.   Any such other and further relief as the Court deems proper and just.

This 3rd day of March, 2023.

                                        */s/ Micah Barry*
                                        Micah Barry
                                        Georgia Bar No. 103184
                                        *Attorney for Plaintiff*

**BARRETT & FARAHANY**
P.O. Box 530092
Atlanta, GA 30353
(404) 214-0120
micah@justiceatwork.com

## **JURY DEMAND**

Plaintiff requests a jury trial on all questions of fact raised by this Complaint.

This 3rd day of March, 2023.

                                        Respectfully submitted,

                                        **BARRETT & FARAHANY**

                                        *s/ Micah Barry*
                                        Micah Barry
                                        Georgia Bar No. 103184

## **FONT AND POINT CERTIFICATION**

The undersigned counsel for Plaintiff certifies that the within and foregoing

**COMPLAINT** was prepared using Times New Roman, 14-point font in

accordance with LR 5.1(B).

This 3rd day of March, 2023.

Respectfully submitted,

**BARRETT & FARAHANY**

*s/ Micah Barry*

Micah Barry
Georgia Bar No. 103184
